FILED
KITSAP COUNTY CLERK
2016 DEC -9 PM 12: 38
DAVID W. PETERSON

**SUPERIOR COURT OF WASHINGTON**

**FOR KITSAP COUNTY**

| | |
|---|---|
| MARY ARLENE GOMEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KITSAP COUNTY; The KITSAP COUNTY SHERRIFF'S DEPARTMENT; MATT. TURSO, a Kitsap County Sheriff's Department Employee and JANE DOE TURSO and their Marital Community,<br><br>　　　　Defendants | Case No. ___16 2 02251 2___<br><br>COMPLAINT FOR DAMAGES ARISING FROM DEPRIVATION OF CIVIL RIGHTS AND TORTIOUS CONDUCT |

COMES NOW the Plaintiff, Mary Gomez, and for cause of action against defendants alleges as follows:

I. JURISDICTION

1. The events alleged herein occurred in Kitsap County, Washington, within the jurisdiction of this court.

II. PARTIES

Complaint for Damages - 1

2. Plaintiff Mary Gomez, now and at all times relevant to this action, is and was a resident of Kitsap County, Washington.

3. Defendant Kitsap County is Washington Municipal Corporation which supervises and operates the Kitsap County Sheriff's Office (KCSO) and employs Kitsap County Sheriff's Office Corrections Officers.

4. Defendant Kitsap County Sheriff's Department is a governmental organization based in, and primarily operating in, Kitsap County Washington.

5. Defendant Matt Turso, now and at all times relevant to this action, is and was employed by Kitsap County as a Corrections Officer and was acting with the knowledge, consent, and permission of Defendant Kitsap County Sheriff's Department.

### III. STATEMENT OF FACTS

6. In December 2013, Plaintiff Mary Gomez was a defendant in Kitsap County Superior Court charged with a theft offense. She was scheduled for a pre-trial court appearance on December 11, 2013.

7. On December 11, 2013, at her court hearing, Ms. Gomez was advised that bail was going to be required of her, and that she was going to be taken in to custody from the courtroom unless and until that bail was posted.

8. Court staff notified corrections staff to come to the courtroom to take Ms. Gomez in to custody. Ms. Gomez fled the courtroom.

9. Corrections staff including Officer Turso, walking to the courtroom, saw a woman running in the court hallway and chased her. They chased her on foot through the

Complaint for Damages - 2

courthouse / county building to a descending staircase near the southwest exit. Ms. Gomez descended the stairs.

10. From the top of the stairs, Officer Turso deployed his Taser X-26. Ms. Gomez, running down the stairs, was hit in the back by both 'probes', which lodged in her skin.

11. The Taser effectively incapacitated Ms. Gomez' peripheral nervous system, causing her to lose control of her body. Carried by her momentum and gravity, she then skidded face-first down many concrete textured steps before coming to rest near the bottom of the staircase.

12. As a result of her uncontrolled fall, Ms. Gomez suffered multiple painful injuries including broken bones, lacerations and abrasions, and emotional distress.

13. Ms. Gomez was taken to the hospital, then ultimately booked in to the Kitsap County jail. She later underwent surgery and was again returned to jail afterward. Her treating physicians prescribed various post-surgical treatments and physical therapy for her recovery.

14. The Kitsap County jail medical and corrections staff did not provide Ms. Gomez proper facilities or ability to comply with her regimen of aftercare. As a result, her injuries did not heal properly and she still has extensive physical and emotional pain and suffering today.

15. The Kitsap County Sheriff's office failed to promulgate sufficient rules, standards and protections for the community by (a) failing to train its employees properly in the use of force including dangers of deploying an incapacitating TASER device where injury was possible or likely, and (b) failing to properly instruct employees in the use of force on persons who do not present an immediate threat to law enforcement or the community.

Complaint for Damages - 3

Glisson & Morris
569 Division Street, Suite C
Port Orchard, WA 98366
(p)360.519.3500
(f)360.519.3511

16. Discharging a TASER at a subject fleeing from court is a violation of KCSO policy. Firing a TASER at a person descending stairs is both a violation of KCSO policy and negligent, and creates an unreasonable risk of injury.

### IV. CLAIMS / LIABILITY

**Count 1 (Assault)**

17. Plaintiff realleges each and every allegation in the preceding paragraphs.
18. Defendants' actions constitute an assault of Plaintiff, which resulted in damages to Plaintiff.

**Count 2 (Battery)**

19. Plaintiff realleges each and every allegation in the preceding paragraphs.
20. Defendants' conduct constitutes battery of Plaintiff, which resulted in damages to Plaintiff.

**Count 3 (Intentional Infliction of Emotional Distress)**

21. Plaintiff realleges each and every allegation in the preceding paragraphs.
22. Defendants' actions constitute intentional infliction of emotional distress, which resulted in damages to Plaintiff.

**Court 4 (Negligent Infliction of Emotional Distress)**

23. Plaintiff realleges each and every allegation in the preceding paragraphs.
24. Defendants' conduct constitutes negligent infliction of emotional distress, which resulted in damages to Plaintiff.

**Count 5 (Excessive Force)**

25. Plaintiff realleges each and every allegation in the preceding paragraphs.

Complaint for Damages - 4

Glisson & Morris
569 Division Street, Suite C
Port Orchard, WA 98366
(p)360.519.3500
(f)360.519.3511

26. Defendants' conduct constitutes excessive force, which resulted in damages to Plaintiff.

### Count 6 (False Imprisonment)

27. Plaintiff realleges each and every allegation in the preceding paragraphs.

28. Defendant's conduct constitutes false imprisonment, which resulted in damages to Plaintiff.

### Count 7 (Failure to Properly Train and Supervise)

29. Plaintiff realleges each and every allegation in the preceding paragraphs.

30. Defendant Kitsap County Sheriff's Department's actions and inactions constitute negligent supervision and training of its employees, which resulted in damages to Plaintiff.

### Count 8 (Violation of 42 U.S.C. § 1983, Deprivation of Civil Rights)

31. Plaintiff realleges each and every allegation in the preceding paragraphs.

32. Defendants' conduct, including but not limited to, assault, battery, excessive force, unlawful seizure, and false arrest violated 42 U.S.C. § 1983, which resulted in damages to Plaintiff.

### Count 9 (Violation of 42 U.S.C. § 1985, Conspiracy to Interfere with Civil Rights)

33. Plaintiff realleges each and every allegation in the preceding paragraphs.

34. Defendants' actions violated 42 U.S.C. § 1985, which resulted in damages to Plaintiff.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

Complaint for Damages - 5

Glisson & Morris
569 Division Street, Suite C
Port Orchard, WA 98366
(p)360.519.3500
(f)360.519.3511

35. For special damages, including but not limited to, her medical costs, expenses, and lost wages and opportunities in an amount to be established at the time of trial.

36. For general damages for her pain and suffering and emotional distress in an amount to be established at trial.

37. For her attorney's fees and costs incurred in bringing and prosecuting this action.

38. For punitive damages in such amount as determined at trial.

39. For judgment for interest on each item of damages from the date incurred until paid.

40. For such other relief as the court deems just under the circumstances.

Dated this December 9, 2016

GLISSON & MORRIS

Stan Glisson, WSBA 28323

Complaint for Damages - 6

Glisson & Morris
569 Division Street, Suite C
Port Orchard, WA 98366
(p)360.519.3500
(f)360.519.3511