1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

MARY ARLENE GOMEZ,

8                    Plaintiff,

9          v.

10   KITSAP COUNTY, et al.,

11                    Defendants.

CASE NO. C17-5007BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

12

13      This matter comes before the Court on Defendant Kitsap County Sheriff

14   Department's (the "Sheriff's Department") motion to dismiss (Dkt. 8). The Court has

15   considered the motion and the remainder of the file and hereby grants the motion for the

16   reasons stated herein.

17                          **I. PROCEDURAL HISTORY**

18      On January 6, 2017, the Defendants in this matter removed the proceedings from

19   Kitsap County Superior Court to this Court. Dkt. 1. Plaintiff Mary Arlene Gomez

20   ("Plaintiff") has raised claims of assault, battery, outrage, negligent infliction of

21   emotional distress, excessive force, false imprisonment, negligence, and violations of 42

22   U.S.C. §§ 1983 and 1985. Dkt. 1-2 at 4–5.

1        On February 1, 2017, the Sheriff's Department moved to dismiss for failure to

2 state a claim. Dkt. 8. Plaintiff did not respond.

3                                **II. DISCUSSION**

4        Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

5 Procedure may be based on either the lack of a cognizable legal theory or the absence of

6 sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901

7 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the

8 complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301

9 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed

10 factual allegations but must provide the grounds for entitlement to relief and not merely a

11 "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

12 *Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a

13 claim to relief that is plausible on its face." *Id.* at 1974. When deciding a motion to

14 dismiss, the Court's consideration is limited to the pleadings. Fed. R. Civ. P. 12(d).

15        In this case, the Court agrees that Plaintiff fails to state a claim against the

16 Sheriff's Department. The Sheriff's Department is not a legal entity capable of being

17 sued under § 1983. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690 (1978);

18 *McCloud v. Pierce Cty. Sheriff Dep't*, 2016 WL 3675904, *5 (W.D. Wash. June 6, 2016);

19 *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26,

20 2016). Instead, the proper party is Kitsap County. Because the Sheriff's Department is

21 not a party and Kitsap County is also named as a defendant, the Court dismisses the

22 Sheriff's Department from this action.

1

## III. ORDER

2          Therefore, it is hereby **ORDERED** that the Sheriff's Department's motion to

3    dismiss (Dkt. 8) is **GRANTED** and Plaintiff's claims against the Sheriff's Department

4    are **DISMISSED**.

5          Dated this 28th day of February, 2017.

6

7

8                                   BENJAMIN H. SETTLE
                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3